[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-13231
Non-Argument Calendar

_____

D.C. Docket No. 8:09-cr-00399-SCB-AEP-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

NATHANIEL HARGROVE,
a.k.a. Frog,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(October 15, 2013)

Before TJOFLAT, PRYOR and KRAVITCH, Circuit Judges.

KRAVITCH, Circuit Judge:

Nathaniel Hargrove appeals the district court's denial of his 18 U.S.C.

§ 3582(c)(2) motion to reduce his sentence.  Hargrove was subject to a statutory

mandatory minimum sentence of 120 months' imprisonment, but a retroactive amendment to the sentencing guidelines lowered his applicable guidelines range from 120 to 125 months' imprisonment to simply 120 months.  We hold that a defendant subject to a statutory mandatory minimum is eligible for § 3582(c)(2) relief when he was sentenced above that minimum and a retroactive guidelines amendment lowers the high-end of his applicable guidelines range.  Because the district court erroneously concluded it lacked the authority to consider Hargrove's motion, we vacate the district court's order and remand for the court to determine whether to exercise its discretion to reduce Hargrove's sentence.

Hargrove was convicted in 2010 of four counts of distributing crack cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B)(iii), and (b)(1)(C) (2009).  At sentencing, the district court held Hargrove responsible for 16.4 grams of crack cocaine, resulting in a guidelines range of 100 to 125 months' imprisonment under the drug quantity tables in place at the time.  But because Hargrove had a prior felony drug conviction, he faced a mandatory 120-month statutory minimum, which changed his guidelines range to 120 to 125 months' imprisonment.  *See id.* § 841(b)(1)(B)(iii) (2009); U.S.S.G. § 5G1.1(c)(2).  The district court then departed upward under U.S.S.G. § 4A1.3, increasing Hargrove's guidelines range to 210 to 262 months' imprisonment.  The court sentenced Hargrove to 240 months.

2

In 2012, Hargrove requested a sentence reduction under § 3582(c)(2).  The district court found Hargrove ineligible for relief because his guidelines range was based on a statutory mandatory minimum.  This is Hargrove's appeal.

"We review *de novo* a district court's conclusions about the scope of its legal authority under 18 U.S.C. § 3582(c)(2)."  *United States v. James*, 548 F.3d 983, 984 (11th Cir. 2008).  That statute allows a district court to reduce a defendant's sentence when a retroactive amendment to the sentencing guidelines lowers his applicable guidelines range.  18 U.S.C. § 3582(c)(2); U.S.S.G. § 1B1.10, cmt. (n.1(A)).  A sentence reduction is not authorized, however, when "the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of [a] . . . statutory provision (e.g., a statutory mandatory minimum term of imprisonment)."  U.S.S.G. § 1B1.10, cmt. (n.1(A)).  Hargrove argues that he was entitled to a reduction because his sentence was not based exclusively on a statutory mandatory minimum.  He asserts that Amendment 750 to the sentencing guidelines, which revised the drug quantity tables, lowered his applicable guidelines range, making him eligible for § 3582(c)(2) relief.

We agree that Amendment 750 lowered Hargrove's applicable guidelines range.  The Sentencing Commission defines "applicable guideline range" as "the guideline range that corresponds to the offense level and criminal history category determined pursuant to § 1B1.1(a), which is determined before consideration of

3

any departure provision in the Guidelines Manual or any variance." U.S.S.G. § 1B1.10, cmt. (n. 1(A)). Hargrove's "applicable guideline range" before Amendment 750 was, therefore, 120 to 125 months' imprisonment.[1] The low-end of that range, 120 months, was based on the statutory mandatory minimum, but the rest, up to 125 months, was derived from the drug quantity tables.

After Amendment 750, Hargrove's initial guidelines range would be 70 to 87 months' imprisonment. But because Hargrove remains subject to a 120-month statutory mandatory minimum sentence,[2] his final guidelines range would be simply 120 months' imprisonment. *See* 21 U.S.C. § 841(b)(1)(B)(iii) (2009); U.S.S.G. § 5G1.1(b). Amendment 750, therefore, "lower[ed] [Hargrove's] applicable guideline range" by reducing the high-end from 125 to 120 months. *See* U.S.S.G. § 1B1.10, cmt. (n. 1(A)); *see also* 18 U.S.C. § 3582(c)(2). Although we express no view on whether Hargrove should receive a sentence reduction, the district court erroneously concluded that it lacked the authority to reduce his sentence under § 3582(c)(2). *See United States v. Liberse*, 688 F.3d 1198, 1202-03

---

[1] Hargrove's § 4A1.3 departure is not included in his "applicable guideline range" for purposes of § 3582(c)(2). In Amendment 759, the Sentencing Commission made explicit that § 4A1.3 departures are not part of the "applicable guideline range." *See* U.S.S.G. Amend. 759, app. C, Vol. III, at 421; *see also United States v. Hippolyte*, 712 F.3d 535, 541 (11th Cir.), *petition for cert. filed*, (U.S. June 12, 2013) (No. 12-10828).

[2] Hargrove argues that he is no longer subject to the 120-month mandatory minimum as a result of the Fair Sentencing Act of 2010 (FSA), Pub. L. No. 111-220, 124 Stat. 2372 (2010). But the FSA applies only to defendants sentenced after August 3, 2010, the date it took effect. *United States v. Berry*, 701 F.3d 374, 377-78 (11th Cir. 2012). Because Hargrove was sentenced on June 29, 2010, the FSA does not apply to him.

(11th Cir. 2012).  We accordingly vacate the denial of Hargrove's motion and remand to permit the district court to decide the motion on the merits.

**VACATED AND REMANDED.**