[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-10334
Non-Argument Calendar
_____

D.C. Docket No. 8:09-cr-00399-SCB-AEP-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

NATHANIEL HARGROVE,
a.k.a. Frog,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(July 16, 2014)

Before PRYOR, MARTIN and KRAVITCH, Circuit Judges.

PER CURIAM:

Nathaniel Hargrove appeals the district court's *sua sponte* denial of a sentence reduction under 18 U.S.C. § 3582(c)(2).  Because the district court properly exercised its discretion to decline to reduce Hargrove's total 240-month sentence following its consideration of the relevant sentencing factors, we affirm.

Following a jury trial in 2010, Hargrove was convicted of four counts of distributing crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(iii), and (b)(1)(C).  At sentencing, the district court held Hargrove responsible for 16.4 grams of crack cocaine, resulting in a guidelines range of 100 to 125 months' imprisonment under the drug quantity tables in effect at the time.  But because Hargrove had prior felony drug convictions, he faced a mandatory 120-month statutory minimum sentence, which changed his guidelines range to 120 to 125 months' imprisonment.  *See id.* § 841(b)(1)(B)(iii) (2009); U.S.S.G. § 5G1.1(c)(2). The court then departed upward eight levels under U.S.S.G. § 4A1.3(a), noting that Hargrove's criminal history category of VI substantially under-represented the seriousness of his criminal history.  The resulting guidelines range became 210 to 262 months' imprisonment, and the court ultimately imposed a total sentence of 240 months.

In 2012, the district court *sua sponte* considered Hargrove's eligibility for a sentence reduction under § 3582(c)(2) in light of the enactment of Amendment 750 to the Sentencing Guidelines.  But the court stated that it lacked the authority to

2

grant relief because Hargrove's guidelines range was based on a mandatory statutory minimum.  On appeal, we vacated and remanded based on the district court's erroneous conclusion that it lacked the authority to grant a sentence reduction.  On remand, the district court acknowledged that it had the authority to grant Hargrove a sentence reduction, but noted that the 240-month sentence remained appropriate in light of the 18 U.S.C. § 3553(a) factors.

In his instant appeal, Hargrove argues that the district court erred by failing to properly recalculate his guidelines range based on the applicability of Amendment 750.  He also asserts that the court's failure to give notice to the parties and allow them to submit pleadings on remand resulted in a decision that did not consider all of the relevant factors.

"We review a district court's decision whether to reduce a sentence pursuant to 18 U.S.C. § 3582(c)(2), based on a subsequent change in the sentencing guidelines, for abuse of discretion."  *United States v. Brown*, 332 F.3d 1341, 1343 (11th Cir. 2003).  "A district court by definition abuses its discretion when it makes an error of law."  *Id.* (quotation omitted).  A district court has discretion to reduce the imprisonment term if a defendant's sentence is based on a sentencing range that was later lowered by the Sentencing Commission.  18 U.S.C. § 3582(c)(2).

3

A district court must follow a two-step process in ruling on a § 3582(c)(2) motion. *United States v. Bravo*, 203 F.3d 778, 780 (11th Cir. 2000).  First, the court must recalculate the defendant's sentence by "substituting the amended guideline range for the originally applied guideline range." *Id.*  In other words, "the court shall determine the amended guideline range that would have been applicable to the defendant if the amendment . . . had been in effect at the time the defendant was sentenced."  U.S.S.G. § 1B1.10(b)(1).  "All other guideline application decisions made during the original sentencing remain intact." *Bravo*, 203 F.3d at 780 (quotation omitted).

Second, the district court must decide whether, in its discretion and in light of the § 3553(a) sentencing factors, to retain the original sentence or to resentence the defendant under the amended guideline range. *Id.* at 781; *see also United States v. Vautier*, 144 F.3d 756, 760 (11th Cir. 1998) ("The grant of authority to the district court to reduce a term of imprisonment [under § 3582(c)(2)] is unambiguously discretionary.").  The § 3553(a) factors include the nature and circumstances of the offense, the history and characteristics of the defendant, and the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to adequately deter criminal conduct.  18 U.S.C. § 3553(a)(1), (2)(A)-(B).

4

The district court's denial of Hargrove's § 3582(c)(2) motion was not an abuse of discretion.  First, we find no merit to Hargrove's assertion that the court failed to properly calculate his amended guideline range.  In light of our remand order, the court acknowledged that Hargrove was eligible for relief under § 3582(c)(2) because Amendment 750 reduced the high-end of his guideline range from 125 to 120 months.  *United States v. Hargrove*, 732 F.3d 1253, 1255 (11th Cir. 2013).  Although the court did not expressly consider the effect of the upward departure under § 4A1.3(b) in calculating Hargrove's amended guideline range, we have explained that a district court has the discretion to reapply a downward departure, *Vautier*, 144 F.3d at 761, and nothing in our case law suggests a different conclusion about an upward departure, *Bravo*, 203 F.3d at 781 n.5.

Turning to the second step of the analysis, the district court did not abuse its discretion in declining to reduce Hargrove's sentence in light of the § 3553(a) sentencing factors.  The record demonstrates that the district court took the pertinent sentencing factors into account, including the need for deterrence and to protect the public in light of Hargrove's extensive criminal history.  *See United States v. Williams*, 557 F.3d 1254, 1256 (11th Cir. 2009) ("The district court is not required to articulate the applicability of each factor, as long as the record as a whole demonstrates that the pertinent factors were taken into account") (internal quotation marks omitted).

5

Lastly, we find no merit to Hargrove's argument that the court erred by failing to allow him an opportunity to advance additional arguments on remand. Hargrove fails to show changed circumstances from his sentencing hearing or his first § 3582 proceeding—where both parties had the opportunity to fully brief the issues—that would have necessitated additional responses from the parties. *See United States v. Jules*, 595 F.3d 1239, 1245 (11th Cir. 2010) ("Because a § 3582(c)(2) proceeding is not a *de novo* re-sentencing, courts need not permit re-litigation of any information available at the original sentencing. Nor is either party entitled to any response when the court does not intend to *rely* on new information").

In sum, Hargrove has not established that the district court's decision to maintain his 240-month sentence constituted an abuse of discretion.

**AFFIRMED.**