[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-15450
Non-Argument Calendar
_____

D.C. Docket No. 0:04-cr-60038-WPD-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DELVIN MCKINNEY,
a.k.a. Poochie,
a.k.a. Poco,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(July 28, 2014)

Before PRYOR, MARTIN and BLACK, Circuit Judges.

PER CURIAM:

Delvin McKinney appeals the district court's denial of his 18 U.S.C. § 3582(c)(2) motion for a sentence reduction based on Amendment 750 to the Sentencing Guidelines and the Fair Sentencing Act of 2010 (FSA), Pub. L. No. 111-220, 124 Stat. 2372 (2010).  Upon review,[1] we affirm.

Under § 3582(c)(2), a district court may not reduce a defendant's sentence unless (1) the defendant was sentenced based on a guideline range that the Sentencing Commission has subsequently lowered and (2) the "reduction is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(2).  A reduction is not consistent with the Sentencing Commission's policy statements if an amendment does not have the effect of lowering the defendant's applicable guideline range.  U.S.S.G. § 1B1.10(a)(2)(B).

Amendment 750 had the effect of lowering the guidelines under U.S.S.G. § 2D1.1, but the district court did not sentence McKinney based on those guidelines.  Instead, the district court sentenced McKinney pursuant to a mandatory minimum sentence of life imprisonment under 21 U.S.C. §§ 841(b)(1)(A) and 851.[2]  Moreover, even if McKinney were not subject to this

---

[1] "We review *de novo* a district court's conclusions about the scope of its legal authority under 18 U.S.C. § 3582(c)(2)."  *United States v. Jones*, 548 F.3d 1366, 1368 (11th Cir. 2008).

[2] McKinney's conviction for possessing with intent to distribute at least 50 grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(iii) (2002), required a mandatory life sentence because McKinney had at least two prior Florida state felony drug convictions.

2

statutory minimum, his guideline range would be determined by his status as a career offender under U.S.S.G. § 4B1.1, which was not affected by Amendment 750.  Consequently, the district court had no authority to reduce McKinney's sentence under § 3582(c)(2) and Amendment 750.  *See United States v. Berry*, 701 F.3d 374, 376-77 (11th Cir. 2012).

To the extent McKinney argues for a sentence reduction based on the FSA, we have expressly rejected such a claim, *id.* at 377, and McKinney's argument that the crack cocaine statutes should not apply because they are racially discriminatory cannot succeed in light of *Berry*, *see United States v. Vega-Castillo*, 540 F.3d 1235, 1236 (11th Cir. 2008).

For the foregoing reasons, we conclude the district did not err in determining that it did not have the authority to reduce McKinney's sentence.[3]

**AFFIRMED.**

---

[3] Although McKinney argued in the district court that he was also entitled to relief pursuant to *United States v. Hargrove*, 732 F.3d 1253 (11th Cir. 2013), he has abandoned any such claim by not raising it in his initial brief.  *See United States v. Curtis*, 380 F.3d 1308, 1310-11 (11th Cir. 2004) (holding that issues not raised in a party's initial brief are deemed abandoned or waived).  In any event, *Hargrove* is inapplicable because McKinney is a career offender.

3