[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-10563
Non-Argument Calendar
_____

D.C. Docket No. 8:05-cr-00447-SDM-MAP-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JARRETT CANNION,
a.k.a. Jee,

Defendant-Appellant.


_____

No. 14-11217
Non-Argument Calendar
_____

D.C. Docket No.  8:05-cr-00447-SDM-MAP-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JARRETT CANNION,
a.k.a. Jee,

                                                    Defendant-Appellant.

_____

Appeals from the United States District Court
for the Middle District of Florida
_____

(January 27, 2015)

Before ROSENBAUM, JULIE CARNES, and FAY, Circuit Judges.

PER CURIAM:

Jarrett Cannion is a *pro se* federal prisoner serving a 292-month sentence of imprisonment for crack-cocaine offenses of which he was convicted in 2008. In 2013, Cannion filed a motion under 18 U.S.C. § 3582(c)(2) to reduce his sentence based on Amendment 750 of the United States Sentencing Guidelines ("U.S.S.G." or "Guidelines"), which lowered the guideline ranges for crack-cocaine offenses, as well as the Fair Sentencing Act of 2010 ("FSA"), which lowered the statutory mandatory minimums applicable to certain crack-cocaine offenses. The district court denied the motion, concluding that Cannion was not entitled to relief under § 3582(c)(2) because (1) the FSA was not a Guidelines amendment and did not apply retroactively, and (2) Amendment 750 did not lower Cannion's applicable guideline range.

2

On appeal, Cannion argues that the district court abused its discretion in addressing his § 3582(c)(2) motion based on Amendment 750. The government, in turn, concedes that the district court erred in finding Cannion ineligible for relief under § 3582(c)(2), and it asks this Court to reverse the denial and remand for consideration of whether Cannion should receive a discretionary sentence reduction. Because the district court erroneously concluded that it lacked the authority to entertain Cannion's motion, we reverse and remand.[1]

Cannion was convicted in 2008 of one count of distributing at least five grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(iii), and one count of conspiring to distribute at least fifty grams of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(iii) and 846. In the presentence investigation report ("PSR"), the probation officer held Cannion responsible for 77.88 grams of crack cocaine, yielding a base offense level of 30 under U.S.S.G. Manual § 2D1.1. After a three-level reduction for acceptance of responsibility, Cannion's total offense level was 27. With a criminal history category of VI, the PSR provided a guideline range between 130 and 162 months' imprisonment.

At sentencing, the district court granted the government's request for an upward departure under U.S.S.G. Manual § 4A1.3 based on Cannion's extensive

---

[1] Cannion does not expressly challenge the denial of his motion based on the FSA, and therefore arguably has abandoned the issue. *See Sapuppo v. Floridian Allstate Ins. Co.*, 739 F.3d 678, 680-81 (11th Cir. 2014). In any case, we agree with the government that the district court correctly determined that the FSA did not provide Cannion a basis for relief under § 3582(c)(2). *See United States v. Berry*, 701 F.3d 374, 377 (11th Cir. 2012).

criminal history.  The court increased the base offense level from 30 to 38, and then applied the three-level reduction for acceptance of responsibility, leaving Cannion with a total offense level of 35 and a new guideline range of 292 to 365 months in prison.  The court then imposed a total sentence of 292 months in prison.

In December 2013, Cannion moved for a reduction in his sentence under § 3582(c)(2), based on Amendment 750 and the FSA.  Amendment 750 took effect in November 2011, lowering the base offense levels applicable to crack-cocaine offenses by revising the drug-quantity tables in U.S.S.G. Manual § 2D1.1(c).  *See* U.S.S.G. App. C., amend. 750.  For an offender like Cannion, who was held responsible for between 28 and 112 grams of crack cocaine, Amendment 750 reduced the base offense level from 30 to 26.  *Compare* U.S.S.G. Manual § 2D1.1(c)(7) (2007), *with* U.S.S.G. Manual § 2D1.1(c)(7) (2011).  Amendment 750 is retroactively applicable and may be enforced through a § 3582(c)(2) motion. U.S.S.G. Manual § 1B1.10(c).

In denying Cannion's motion, the district court determined that Amendment 750 did not have the effect of lowering his guideline range because, solely as a result of the upward departure under § 4A1.3, "Cannion's 292-month sentence was not derived from the amount of cocaine base for which he was responsible."[2]

---

[2] It appears that Cannion filed multiple notices of appeal in this case, triggering the opening of two appeal numbers (14-10563 and 14-11217).  Because both notices indicate Cannion's intent to appeal the district court's denial of his § 3582(c)(2) motion, we direct the

Because the district court erred in finding Cannion ineligible for a sentence reduction based on the § 4A1.3 departure, we reverse and remand.

We review *de novo* a district court's legal conclusions on the scope of its authority under § 3582(c)(2) and the Sentencing Guidelines. *United States v. Webb*, 565 F.3d 789, 792 (11th Cir. 2009).

Section § 3582(c)(2) grants federal courts the power to reduce a term of imprisonment if the defendant was sentenced based on a sentencing range that the Sentencing Commission subsequently lowered through a retroactive amendment to the Sentencing Guidelines. *Dillon v. United States*, 560 U.S. 817, 824-25, 130 S. Ct. 2683, 2690 (2010); 18 U.S.C. § 3582(c)(2); *see* U.S.S.G. Manual § 1B1.10(a)(1). If a defendant is eligible for a sentence reduction, the court may, in its discretion, reduce the term of imprisonment after considering the sentencing factors listed in 18 U.S.C. § 3553(a). *See* 18 U.S.C. § 3582(c)(2).

The Sentencing Commission has explained that a reduction is not authorized under the Guidelines if a retroactive amendment "does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. Manual § 1B1.10(a)(2)(B). The Commission defines the "applicable guideline range," in turn, as "the guideline range that corresponds to the offense level and criminal

---

Clerk's Office to **DISMISS** as duplicative appeal no. 14-11217, which was based on the second, untimely notice of appeal docketed by the district court on March 20, 2014.

5

history category determined pursuant to § 1B1.1(a), which is determined before consideration of any departure provision in the Guidelines Manual or any variance." U.S.S.G. Manual § 1B1.10, cmt. (n.1(A)); *see United States v. Hippolyte*, 712 F.3d 535, 540-41 (11th Cir.), *cert. denied*, 134 S. Ct. 181 (2013). Because the district court did not exclude the § 4A1.3 departure in determining Cannion's "applicable guideline range," the court erred. *See United States v. Hargrove*, 732 F.3d 1253, 1254-55 & n.1 (11th Cir. 2013) ("In Amendment 759, the Sentencing Commission made explicit that § 4A1.3 departures are not part of the 'applicable guideline range.'"); U.S.S.G. App. C, amend. 759. Nor was the error harmless. Instead, Cannion is entitled to have his § 3582(c)(2) motion addressed on the merits.

Amendment 750 had the effect of lowering Cannion's "applicable guideline range." *See* U.S.S.G. Manual § 1B1.10(a)(2)(B). In making this determination, we first look to the guideline range that corresponds to the offense level and criminal-history category without including the § 4A1.3 upward departure. *See Hargrove*, 732 F.3d at 1254-55 & n.1. Here, Cannion's "applicable guideline range" before Amendment 750 was 130 to 162 months' imprisonment (with a base offense level of 30).

Next, we must "determine the amended guideline range that would have been applicable to the defendant if [Amendment 750] had been in effect at the time

the defendant was sentenced." U.S.S.G. Manual § 1B1.10(b)(1); *see Webb*, 565 F.3d at 793. In doing so, we must "substitute only [Amendment 750] for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected." U.S.S.G. Manual § 1B1.10(b)(1). As a result, had Amendment 750 been in effect at the time of his sentencing, Cannion's guideline range would have been 92 to 115 months' imprisonment (with a base offense level of 26).

But because Cannion is subject to a 120-month statutory mandatory minimum, his guideline range would be simply 120 months' imprisonment. *See* 18 U.S.C. § 841(b)(1)(B)(iii) (2008); U.S.S.G. Manual § 5G1.1(b); *see also Hargrove*, 732 F.3d at 1255. Amendment 750, therefore, lowered Cannion's "applicable guideline range" from a range of 130 to 162 months to a range of 120 months. U.S.S.G. Manual § 1B1.10, cmt. (n.1(A)); *see* 18 U.S.C. § 3582(c)(2).

In sum, the district court erroneously concluded that it lacked the authority to reduce Cannion's sentence under § 3582(c) by basing its decision on the § 4A1.3 departure. *See Hargrove*, 732 F.3d at 1254-55 & n.1. We therefore reverse the denial of Cannion's motion and remand for a determination of whether Cannion should receive a discretionary sentence reduction in consideration of the Sentencing Guidelines and the § 3553(a) sentencing factors. *See* 18 U.S.C. § 3582(c)(2).

Appeal no. 14-10563 is **REVERSED** and **REMANDED**; Appeal no. 14-11217 is **DISMISSED** as duplicative.