[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 15-11753
Non-Argument Calendar

_____

D.C. Docket No. 0:04-cr-60004-DTKH-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JEFFREY MICHAEL JENNEY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(November 30, 2015)

Before TJOFLAT, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

In March 2005, Jeffrey Jenney pled guilty to conspiracy to possess with intent to distribute at least 1,000 kilograms of marijuana, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A) (Count 3), conspiracy to commit money laundering, in violation of 18 U.S.C. §§ 1956(h) and (a)(1)(A) (Count 4), and witness tampering, in violation of 18 U.S.C. § 1512(b)(3) (Count 66). At sentencing, the District Court determined that, under the Sentencing Guidelines, Jenney's total offense level was 38 and his criminal history category II, which yielded a sentence range of 262-327 months' imprisonment. The court then sustained Jenney's objection to the criminal history category II on the ground that category II overstated the seriousness of his criminal history and departed downward under U.S.S.G. § 4A1.3 to criminal history category I. This lowered the sentence range to 235-293 months. Using that range, the court sentenced Jenney to concurrent sentences: 235 months on Counts 3 and 4 and 120 months on Count 66.

In January 2015, Jenney moved the District Court for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2), based on Amendment 782 to the Sentencing Guidelines, arguing that the amendment reduced his total offense level to 36 and that based on that level and criminal history category I, his sentence range would be reduced to 188-235 months. The court rejected Jenney's argument that it should calculate his amended guideline sentence range based on a category I

2

criminal history, but reduced his sentences on Counts 3 and 4 to 210 months' imprisonment.

Jenny appeals the reduced sentences on those two counts, arguing that the court erred in using a criminal history category II, instead of a criminal history category I, in calculating his amended sentence range. We reject his argument and accordingly affirm.

A district court may modify a term of imprisonment in the case of a defendant who was sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission. 18 U.S.C. § 3582(c)(2). Amendment 782 provides for a two-level reduction in the base offense level for most drug offenses. U.S.S.G. App. C, amend. 782. Any reduction, however, must be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). The policy statements provide that the court cannot reduce a defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) "to a term that is less than the minimum of the amended guideline range" unless the defendant received a departure for substantial assistance. U.S.S.G. § 1B1.10(b)(2)(A) & (B).

The commentary to U.S.S.G. § 1B1.10 provides that eligibility under 18 U.S.C. § 3582(c)(2) is triggered only if the amendment lowers the "applicable guideline range", that is, "the guideline range that corresponds to the offense level

3

and criminal history category determined pursuant to § 1B1.1(a), which is determined before consideration of any departure provision in the Guidelines Manual or variance." *Id.* § 1B1.10, comment. (n.1(A)).  The commentary further states that if the defendant received a term of imprisonment "outside the guideline range at the time of sentencing, the limitation prohibiting" the court from reducing the sentence below the amended guideline range still applies.  *Id.* § 1B1.10, comment. (n.3).

Section 4A1.3 provides for departures based on the inadequacy of criminal history.  *Id.* § 4A1.3.  A defendant may receive a downward departure if "reliable information indicates that the defendant's criminal history category substantially over-represents the seriousness of the defendant's criminal history category or the likelihood the defendant will commit other crimes."  *Id.* § 4A1.3(b)(1).

In 2011, the Sentencing Commission amended the commentary to § 1B1.10 to address a circuit split over which departures are considered part of the "applicable guideline range" referred to in § 1B1.10.  U.S.S.G. App. C, amend. 759 (Reasons for Amendment).  Some circuits held that some departures, such as departures under § 4A1.3 for inadequacy of criminal history, were part of the applicable guideline range, while others held that no departures should be considered part of the applicable guidelines range.  *Id.*  The Sentencing Commission amended Application Note 1 to § 1B1.10 to clarify that the

4

"applicable guideline range" is the range before any departure provision or variance. *Id.* Accordingly, we have stated that, as a result of the amendment, a § 4A1.3 departure is not included in the "applicable guideline range" for the purposes of § 3582(c)(2). *United States v. Hargrove*, 732 F.3d 1253, 1254 n.1 (11th Cir. 2013).

The District Court did not err in using a criminal history category II to calculate Jenney's amended guideline sentence range. Jenney's original sentence range had a criminal history category of II, from which the court departed downward pursuant to § 4A1.3. However, a § 4A1.3 departure is not included in the applicable sentence range for the purposes of § 3582(c)(2). *Hargrove*, 732 F.3d at 1254 n.1; *see also* U.S.S.G. App. C, amend. 759 (Reasons for Amendment). Pursuant to § 1B1.10(b)(2), the court cannot reduce a defendant's sentence to a term less than the amended guideline range. U.S.S.G. § 1B1.10(b)(2)(A). Thus, even though Jenney received a criminal history departure in his original sentence, he cannot receive the departure here because any further reduction beyond 210 months would result in a sentence below Jenney's amended sentence range of 210-262 months' imprisonment. *See id.* § 1B1.10 comment. (n.3).

AFFIRMED.